In brief, on application for rehearing, counsel for Charles Townsend Ford states that this Court's opinion will "have the effect of subjecting every car dealer to a barrage of lawsuits even when the salesman tells the customer the truth about his knowledge of the past performance of the vehicle." Suffice it to say that on original deliverance, we were not unmindful of the facts presented by the car dealer in support of its motion for summary judgment, but we point out again that the sole issue presented on this appeal was the propriety of the trial court's granting of the car dealer's motion for summary judgment. In Alabama, the standard set out in Rule 56 (c), A.R.C.P. is that summary judgment may be granted only when the materials on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In applying this test, we must give effect to Alabama's "scintilla of evidence" rule, which states that if there is a scintilla of evidence supporting the position of the party against whom the motion is made, so that a trial he would be entitled to goes to the jury, summary judgment cannot be granted.
The opinion in this case is based solely upon the principles of law applicable to summary judgments in Alabama and obviously does not address questions of law which might be presented by motions made during the trial or post-trial pursuant to the provisions of Rule 50 or Rule 59, A.R.C.P. In other words, the original opinion addresses solely the question of the propriety of the grant of a motion for summary judgment and nothing more.
OPINION EXTENDED; REHEARING DENIED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 788